**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT JONES,<br>*Plaintiff*,<br><br>v.<br><br>C/O B. COOK, *et al.*<br>*Defendants*. | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. 26-CV-1491 |

**ORDER**

AND NOW, this 14th day of September, 2026, upon consideration of Plaintiff Robert Jones's Motion to Proceed *In Forma Pauperis* (Dkt. No. 1), Prisoner Trust Fund Account Statement (Dkt. No. 3), *pro se* Complaint (Dkt. No. 2), and May 28, 2026 Letter (Dkt. No. 7), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.[1]

2. Robert Jones, #1023096, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Philadelphia Industrial Correctional Center ("PICC") or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Jones's inmate account; or (b) the average monthly balance in Jones's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward

---

[1] The trust fund account statement Jones filed with his Complaint is deficient, as noted in the Court's April 10, 2026 Order denying his Motion to Proceed *In Forma Pauperis* (Dkt. No. 6). However, in light of Jones's statements in his May 28, 2026 letter, detailing his unsuccessful efforts to obtain a certified trust account statement from officials at Philadelphia Industrial Correctional Center, the Court deems him to be in substantial compliance with 28 U.S.C. § 1915(a)(2).

the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Jones's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Jones's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this order to the Warden of PICC.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED IN PART WITH PREJUDICE** and **DISMISSED IN PART WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum, as follows:

a. The following claims are **DISMISSED WITH PREJUDICE**: (1) all claims based on the alleged failure to investigate; (2) all claims based on the Defendants' involvement in the grievance process; and (3) all claims based on the deprivation of Jones's property.

b. The following claims will pass statutory screening and may proceed to service: (1) The Fourteenth Amendment procedural due process claims against Jane Doe based on the September 19, 2024 disciplinary hearing; (2) The Fourteenth Amendment failure to protect claims against Officer Cook, Officer Lee, and Officer Morrison, based on the September 12, 2024, November 10, 2024, and December 11, 2024

incidents, respectively; (3) The Fourteenth Amendment failure to intervene claim against Officer Mink based on the April 20, 2025 incident; (4) The Fourteenth Amendment excessive use of force claims against Sgt. Davis, Officer Cook, Officer Hall, Officer Robinson, and Sgt. Bynum based on the April 20, 2025 incident; (5) The Fourteenth Amendment sexual assault claims against Sgt. Bynum, Officer Williams, and Officer Pugh based on the April 20, 2025 incident; (6) The Fourteenth Amendment conditions of confinement claims against Officer Sampson, Deputy Warden Booker and Warden Patterson, based on Jones' conditions of confinement from December 2024 to January 2025; and (7) The Fourteenth Amendment denial of adequate medical care claims against Jane Doe 2 and Jane Doe 3, based on the April 20, 2025 incident.

c. The balance of the Complaint is **DISMISSED WITHOUT PREJUDICE**.

6. Jones may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Jones's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. **<u>For example, if Jones files an amended complaint, he must include in that amended complaint the allegations supporting his Fourteenth Amendment failure to protect claims</u>**

**that have not been dismissed, if he seeks to proceed on those claims.** When drafting his amended complaint, Jones should be mindful of the Court's reasons for dismissing the claims in his initial Complaint, as explained in the Court's Memorandum. **If he files an amended complaint, Jones may not reassert a claim that has already been dismissed from this case with prejudice**. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send Jones a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Jones may use this form to file his amended complaint if he chooses to do so.

8. If Jones does not file an amended complaint, the Court will direct service of his initial Complaint on Defendants Cook, Lee, Morrison, Mink, Davis, Hall, Robinson, Bynum, Williams, Pugh, Sampson, Booker, Patterson, Jane Doe, Jane Doe 2, and Jane Doe 3 **only**. Jones may also notify the Court that he seeks to proceed on the claims that pass statutory screening, rather than file an amended complaint. If he files such a notice, Jones is reminded to include the case number for this case, 26-1491.

9. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date the Court issues summonses in this case if summonses are issued.

**BY THE COURT:**

**/s/ Gerald J. Pappert**

**Gerald J. Pappert, J.**